# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARYL CLARKE,<br><br>    Plaintiff,<br><br>    v.<br><br>EBONY LARRY, et al.,<br><br>    Defendants. | Case No. CV 10-6066-GW (JEM)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS UNTIMELY |

On August 13, 2010, Karyl Clarke ("Plaintiff"), proceeding pro se and in forma pauperis, lodged a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint"), which was filed by the Court on August 18, 2010.

**FACTUAL ALLEGATIONS**

In his Complaint, Plaintiff alleges that, on March 1, 2006, he was falsely accused of kidnapping by Defendants Ebony and Lisa Larry. (Complaint, ¶ 47.) Thereafter, Los Angeles Police Department ("LAPD") Detective James Miller conducted an investigation of the alleged kidnapping incident. (Complaint, ¶¶ 48-51.) Thereafter, Plaintiff was arrested and prosecuted. (Complaint, ¶¶ 52-53.) Defendants Ebony Larry, Lisa Larry, and Miller testified against Plaintiff at trial and allegedly made "a variety of slanderous and malicious statements during trial and in open court." (Id., ¶ 59.) On October 25, 2006, a Los Angeles

1  County Superior Court jury convicted Plaintiff of making criminal threats, in violation of Cal.
2  Penal Code § 422. (Complaint, ¶ 60, Exhibit C.) On November 15, 2006, Plaintiff was
3  sentenced to a term of six years in state prison. (Complaint, ¶ 61, Exhibit C.) Plaintiff
4  appealed the judgment. (Complaint, ¶ 62.)

5      The public docket of the California Court of Appeal indicates that it reversed Plaintiff's
6  conviction in an unpublished opinion filed March 12, 2008, and modified April 3, 2008, and
7  issued a remittitur to the trial court on May 15, 2008. On July 23, 2008, Plaintiff appeared
8  before the trial court and his case was called for a jury trial. (Complaint, Exhibit E.) When
9  the People indicated that they could not proceed, the case was dismissed, and a release
10 order was issued. (Id.) Plaintiff was released from custody on August 6, 2008. (Complaint,
11 ¶ 85.)

12     Plaintiff alleges that, during his time in the custody of the Los Angeles County
13 Sheriff's Department ("LACSD") and the California Department of Corrections and
14 Rehabilitation ("CDCR"), he was falsely imprisoned and was the victim of numerous
15 incidents of excessive force and other abuse. (See Complaint, ¶¶ 54-58, 63-83.)

16     On August 13, 2010, Plaintiff lodged his Complaint. After his request to proceed
17 without prepayment of the filing fee was granted, the Complaint was filed on August 18,
18 2010.

19 ## PLAINTIFF'S CLAIMS

20     Plaintiff sets forth the following ten claims in his Complaint:
21     1.    Conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. "[A]ll Defendants"
22 conspired to deprive him of his right to equal protection. (Complaint, ¶¶ 87-88.)
23     2.    Refusing or neglecting to prevent harm, in violation of 42 U.S.C. § 1983.
24 Defendant City of Los Angeles "failed to instruct, supervise, control, and discipline on a
25 continuing basis the [Defendant] Miller in his duties to refrain from" harassing Plaintiff,
26 maliciously prosecuting Plaintiff, and conspiring to violate Plaintiff's constitutional rights.
27 (Complaint, ¶¶ 89-94.)
28

3. Conspiracy. All of the Defendants conspired to investigate, arrest, and prosecute Plaintiff maliciously based on the false statements of Defendants Ebony and Lisa Larry. (Complaint, ¶¶ 95-97.)

4. Intentional infliction of emotional distress. All defendants "intentionally and deliberately inflicted emotional distress on Plaintiff" by maliciously investigating, arresting, and prosecuting him. Defendants City of Los Angeles, Baca, and Cate are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 98-105.)

5. Malicious Prosecution. Defendants Ebony Larry, Lisa Larry, Miller, and the LAPD maliciously instituted criminal process against Plaintiff. The charges were not based on probable cause. Miller had a duty to investigate properly and he breached that duty. The criminal proceedings terminated in Plaintiff's favor when the trial court dismissed all charges against Plaintiff. Defendants City of Los Angeles and Bratton are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 106-110.)

6. False Arrest and Imprisonment. Defendants intentionally and wrongfully confined Plaintiff against his will from the time he was arrested until he was released from custody. Defendants City of Los Angeles and Bratton are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 111-116.)

7. Assault. "Defendants Buchanan and Peterson intentionally created an apprehension of immediate physical harm by means of an overt gesture, detaining the Plaintiff and clearing the main prison yard of all other inmates for no known purpose other than to create in Plaintiff an apprehension of immediate physical harm." Defendants CDCR and Cate are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 117-121.)

8. Battery. Defendants Buchanan and Peterson "intentionally, harmfully, and offensively touched the Plaintiff by using tactical holds excessively and handcuffing him." They also caused others to do the same "when chaining and shackling Plaintiff in a 2'x2'x7' cage" and strip searching him. Defendants CDCR and Cate are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 122-126.)

9. Negligent Infliction of Emotional Distress. Plaintiff suffered emotional distress as a result of Defendants breaching their "affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff." Defendants City of Los Angeles and Bratton are liable under the doctrine of respondeat superior. (Complaint, ¶¶ 127-135.)

10. Negligence. Defendants City of Los Angeles and Bratton had a duty to supervise and train LAPD officers and "take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the swearing to charges without probable cause." Defendants Miller, Corona, Kim, Klohr, Cade, Ortega, Delgado, Turriaga, Holguin, and Urena owed Plaintiff a "duty to conduct a proper investigation, the failure of which was the proximate cause of the Plaintiff['s] injury." Defendants City of Los Angeles and Bratton breached their duties by failing to control and supervise LAPD officers. (Complaint, ¶¶ 136-140.)

**DISCUSSION**

**I.  Statute of Limitations for Civil Rights Claims**
**(Claims One and Two)**

In actions brought pursuant to 42 U.S.C. §§ 1983 and 1985, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) (§ 1985 claims governed by same statute of limitations as § 1983 claims). The statute of limitations for personal injury actions under California law is two years. See Cal. Code Civ. P. § 335.1; see also Jones, 393 F.3d at 927. If a plaintiff is imprisoned on a criminal charge and is serving a prison term of less than life, the limitations period is tolled while the plaintiff is incarcerated, for a maximum period of two years. Cal. Code Civ. P. § 352.1(a).

Although state statute of limitations and tolling principles apply, federal law determines when a federal civil rights claim accrues. See Wallace v. Kato, 549 U.S. 384,

388 (2007). Under federal law, a civil rights claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).

Here, it appears that Plaintiff was on inquiry and actual notice of the injuries that form the basis of his civil rights claims no later than July 23, 2008, when the trial court dismissed Plaintiff's case and ordered him released. However, the limitations period was tolled pursuant to Cal. Code Civ. P. § 352.1(a) until Plaintiff was released from custody on August 6, 2008. Upon his release, the two year limitations period began to run and expired August 6, 2010. Petitioner did not lodge his Complaint until August 13, 2010. Thus, absent additional tolling, it appears that Plaintiff's civil rights claims are barred by the statute of limitations.

**II.  Statutes of Limitations for State Law Claims**

    **A.  Negligent and Intentional Infliction of Emotional Distress, Assault, Battery, Malicious Prosecution, Negligence (Claims Four, Five, Seven, Eight, Nine, and Ten)**

In California, the statute of limitations for personal injury claims is set forth in Cal. Code Civ. P. § 335.1, which provides a two year statute of limitations for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." Thus, a two year statute of limitations applies to Plaintiff's claims for intentional infliction of emotional distress (Claim 4), assault (Claim 7), battery (Claim 8), negligent infliction of emotional distress (Claim 9), and negligence (Claim 10).

Under California's "discovery rule," the accrual of a cause of action is delayed until a plaintiff either becomes aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence. Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110-11 (1988). Plaintiff must plead specific facts to show the time and manner of discovery and the inability to have made an earlier discovery despite reasonable diligence. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 808 (2005). The acts that form the basis of Plaintiff's claims for negligent and intentional infliction of emotional distress, assault, battery, and negligence occurred between March 1, 2006, when the criminal investigation against him

commenced, and August 6, 2008, when he was released from custody. Accordingly, these claims accrued no later than August 6, 2008, and the statute of limitations expired August 6, 2010.

Plaintiff's claim for malicious prosecution (Claim 5) is also subject to a two year limitations period under California law. See Stavropoulos v. Superior Court, 141 Cal. App. 4th 190, 192 (2006). A state malicious prosecution action accrues, and the statute of limitations begins to run, upon a favorable termination of the underlying action. See Drummond v. Desmarais, 176 Cal. App. 4th 439, 458 (2009); see also Yount v. City of Sacramento, 43 Cal.4th 885, 902 (2008) (claim that would necessarily imply invalidity of conviction does not accrue until that conviction is invalidated; applying rationale of Heck v. Humphrey, 512 U.S. 477 (1994), to state tort claims). Here, a favorable termination of the underlying action against Plaintiff occurred on July 23, 2008, when the trial court dismissed all charges against him and ordered his release. Accordingly, Plaintiff's cause of action for malicious prosecution accrued at that time. The statute of limitations was tolled until he was released on August 6, 2008, and expired August 6, 2010.

### B. False Arrest and Imprisonment (Claim Six)

Claims for false arrest and imprisonment are subject to a one year statute of limitations. See Cal. Code Civ. P. § 340. Plaintiff's claim for false arrest and imprisonment accrued on July 23, 2008, when the charges against him were dismissed and he was ordered released from prison. See Yount, 43 Cal.4th at 902. The statute of limitations was tolled until he was released on August 6, 2008, and expired August 6, 2009.

### C. Conspiracy (Claim Three)

Here, Plaintiff alleges a conspiracy to commit malicious prosecution and false arrest and imprisonment. Civil conspiracy is not a separate and distinct cause of action under California law. Instead, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7

Cal.4th 503, 510-11 (1994) (citation omitted). Plaintiff's conspiracy claim is predicated on his claims of false arrest and imprisonment and malicious prosecution. If these claims are barred by the statute of limitations, so is the conspiracy claim.

### III.  Equitable Tolling

Under California law, equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Addison v. California, 21 Cal.3d 313, 317 (1978). To invoke equitable tolling, a plaintiff must establish the following factors: "1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (citation omitted). At its core, "[t]he doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." Id. If a plaintiff is entitled to equitable tolling, "the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003) (emphasis in original). "[T]he tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." Id. at 370-71. The burden is on the plaintiff to establish his entitlement to equitable tolling. See Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993); U.S. v. Marolf, 173 F.3d 1213, 1218 (9th Cir. 1999).

To the extent that Plaintiff contends that the doctrine of equitable tolling applies, he must set forth specific facts demonstrating his eligibility for such tolling under the standards set forth above.

///
///
///

7

**ORDER TO SHOW CAUSE**

For the reasons set forth herein, Plaintiff Karyl Clarke is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed as untimely.

Plaintiff shall file a written response to this Order to Show Cause no later than **September 27, 2010.** Failure to respond by this deadline may result in a recommendation that this action be dismissed with prejudice.


DATED: August 26, 2010                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE